JOHN M. SORICH (CA Bar No.125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
LASHON HARRIS (CA Bar No. 257578)
lharris@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION,
TRUSTEE FOR LEHMAN BROTHERS-
STRUCTURED ASSET INVESTMENT
LOAN TRUST SAIL 2006-BNC3

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE J. CAUSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR LEHMAN BROTHERS-STRUCTURED ASSET INVESTMENT LOAN TRUST SAIL 2006-BNC3, AND DOES 1-10, <br><br> Defendants. | **CASE NO.:** CV08-03460 JHN (CWx) <br><br> **JUDGE:** Hon. Jacqueline H. Nguyen <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW** <br><br> [Concurrently filed with Notice of Motion and Motion for Summary Judgment, Evidence in Support of Motion for Summary Judgment, Request for Judicial Notice and [Proposed] Order Granting Motion For Summary Judgment] <br><br> **Date:** June 7, 2010 <br> **Time:** 2:00 p.m. <br> **Place:** 740 |

Pursuant to Local Rule 56-1, defendant U.S. Bank National Association, as trustee for Lehman Brothers-Structured Asset Investment Loan Trust SAIL 2006-BNC3 ("US Bank" or "Defendant") submits the following Statement of

1  Uncontroverted Facts and Conclusions of Law in support of its Motion of Summary
2  Judgment against Willie J. Causey, Jr. ("Plaintiff").

<u>**SUMMARY JUDGMENT**</u>

<u>**For summary judgment in favor of US Bank on the Second Amended Complaint and against Plaintiff, and for costs of suit herein and such other relief as may be just.**</u>

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1. On or about May 17, 2006, Plaintiff obtained a mortgage loan in the sum of $397,800.00 ("Loan") in connection with the property located at 7492 Whitewood Drive, Fontana, California ("Subject Property"). | 1. Declaration of Thomas E. Reardon, ("Reardon Decl.") ¶ 4. |
| 2. In connection with the Loan, on or about May 18, 2006, Plaintiff executed an Adjustable Rate Balloon Note ("Note") dated May 17, 2006 in the principal sum of $397,800.00 in favor of Home Loan Lending, Inc. ("Home Loan"). | 2. Reardon Decl., ¶ 4, Exhibit "1"; Deposition Transcript of Willie J. Causey ("Plaintiff Depo"), 47:11-23, Exhibit 6. |
| 3. The Loan was secured by a deed of trust encumbering the Subject Property that was recorded on or about May 26, 2006 with the San Bernardino County Recorder's Office as instrument number 2006-0362064 ("DOT"). | 3. Reardon Decl., ¶ 5, Request for Judicial Notice ("RJN") Exhibit "1"; Deposition Transcript of Willie J. Causey ("Plaintiff Depo"), 47:24-25 – 48:1-6, Exhibit 7. |
| 4. The DOT identifies Home | 4. Reardon Decl., ¶ 6, RJN, |

| | | |
|---|---|---|
| 1 | Loan Lending Inc. as the lender and | Exhibit "1"; Deposition Transcript of |
| 2 | beneficiary, T.D. Service Company as | Willie J. Causey ("Plaintiff Depo"), |
| 3 | the trustee, and Plaintiff was the | 47:24-25 – 48:1-6, Exhibit 7. |
| 4 | borrower. | |
| 5 | 5.    On or around May 19, | 5.    Reardon Decl., ¶ 7, Exhibit |
| 6 | 2006, an Alonge to the Note was | "2". |
| 7 | executed wherein Home Loan Lending | |
| 8 | transferred the note, without recourse to | |
| 9 | BNC Mortgage, Inc. ("BNC"). | |
| 10 | 6.    Option One Mortgage Inc. | 6.    Reardon Decl., ¶ 8. |
| 11 | was the initial servicer of the Loan. | |
| 12 | 7.    On or around September | 7.    Reardon Decl., ¶ 9. |
| 13 | 11, 2006, Chase acquired servicing | |
| 14 | rights to the Loan. | |
| 15 | 8.    Subsequently, an | 8.    Reardon Decl., ¶ 10; RJN |
| 16 | Assignment of Deed of Trust ("First | Exhibit "4". |
| 17 | Assignment") was recorded on or about | |
| 18 | April 12, 2007, with the San Bernardino | |
| 19 | County Recorder's Office as instrument | |
| 20 | number 2007-0223867. Pursuant to the | |
| 21 | First Assignment, all beneficial interest | |
| 22 | in the DOT was assigned to BNC | |
| 23 | Mortgage, Inc. | |
| 24 | 9.    From January 31, 2007 | 9.    Reardon Decl., ¶ 11. |
| 25 | through May 30, 2008, the investor in | |
| 26 | connection with the securitization of the | |
| 27 | Loan was Lehman Brothers Bank FSB. | |
| 28 | | |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3
STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

| | |
|---|---|
| 10. An Assignment of Deed of Trust ("Second Assignment") was recorded on or about April 12, 2007 with the San Bernardino County Recorder's Office as instrument number 2007-0223868. Under the Second Assignment, BNC Mortgage, Inc. assigned beneficial interest in connection with the DOT to Mortgage Electronic Registration Systems, Inc. as the nominee for BNC ("MERS"). | 10. Reardon Decl., ¶ 12; RJN, Exhibit 5. |
| 11. An Assignment of Deed of Trust ("Third Assignment") was recorded on or about recorded on or about July 12, 2007 with the San Bernardino County Recorders Office as instrument number 2007-0410271. Pursuant to the Third Assignment, all beneficial interest in the DOT was assigned to U.S. Bank National Association, as trustee for Lehman Brothers-Structured Asset Investment Loan Trust SAIL 2006-BNC3 (previously defined as "US Bank"). | 11. Reardon Decl., ¶ 13; RJN, Exhibit 6. |
| 11. An Assignment of Deed of Trust ("Fourth Assignment") was recorded on or about July 1, 2008, with | 11. Reardon Decl, ¶ 14; RJN, Exhibit 7. |

| | |
|---|---|
| the San Bernardino County Recorder's Office as instrument number 2008-0297650. Pursuant to the Fourth Assignment, also indicates that all beneficial interest in the DOT was assigned to US Bank Although there were four assignments of the deed of trust from Home Loan Lending to US Bank from 2006 to 2008, Lehman Brothers (Lehman Brothers was the parent company for BNC) was the investor in connection with the Loan from 2006 to 2008. | |
| 12.  The Loan is currently in default.  Since Chase commenced servicing of the Loan, on or around September 11, 2006, Plaintiff has not made any monthly payments towards this obligation. | 12.  Reardon Decl., ¶ 15, Exhibit "3"; Plaintiff Depo 90:8-12. |
| 13.  A Notice of Default and Election to Sell Under Deed of Trust ("NOD") in connection with the DOT was recorded on or about November 17, 2006 with the San Bernardino County Recorders Office as instrument number 2006-0784021.  The NOD indicates that as of November 16, 2006, the sum in | 13.  Reardon Decl., ¶ 16;RJN, Exhibit 2. |

| | | | |
|---|---|---|---|
| 1 | arrears was $13,812.02. | | |
| 2 | 14. A Substitution of Trustee | 14. | Reardon Decl., ¶ 17; RJN, |
| 3 | ("First Substitution") in connection with | | Exhibit 3. |
| 4 | the DOT was recorded on or about | | |
| 5 | February 8, 2007 with the San | | |
| 6 | Bernardino County Recorders Office as | | |
| 7 | instrument number 2007-0084034. | | |
| 8 | 15. A Substitution of Trustee | 15. | Reardon Decl., ¶ 18; RJN, |
| 9 | ("Second Substitution") in connection | | Exhibit 7. |
| 10 | with the DOT was recorded on or about | | |
| 11 | on or about May 1, 2008 with the San | | |
| 12 | Bernardino County Recorders Office as | | |
| 13 | instrument number 2008-0195060. | | |
| 14 | 16. A Notice of Trustee's Sale | 16. | Reardon Decl., ¶ 19; RJN, |
| 15 | in connection with the DOT was | | Exhibit 8. |
| 16 | recorded on or about May 12, 2008 with | | |
| 17 | the San Bernardino County Recorder's | | |
| 18 | Office as instrument number 2008- | | |
| 19 | 0211975. | | |
| 20 | 17. The origination file | 17. | Reardon Decl., ¶ 20. |
| 21 | received by Chase as US Bank's servicer | | |
| 22 | did not include reference to the | | |
| 23 | purported rescission notice sent to Home | | |
| 24 | Lending. | | |
| 25 | 18. The origination filed | 18. | Reardon Decl., ¶ 21, |
| 26 | received by Chase as US Bank's servicer | | Exhibit "4". |
| 27 | included a complete and accurate copy | | |
| 28 | | | |

| | | |
|---|---|---|
| 1 | of the Notice of Right to Cancel | |
| 2 | executed by Plaintiff. | |
| 3 | 19. The origination file | 19. Reardon Decl., ¶ 22, |
| 4 | received by Chase as US Bank's servicer | Exhibit "5". |
| 5 | included a Truth in Lending Disclosure | |
| 6 | Statement ("TILA") executed by | |
| 7 | Plaintiff. | |
| 8 | 20. There is no indication from | 20. Reardon Decl., ¶ 22, |
| 9 | the face of the disclosure statement or | Exhibit "5". |
| 10 | other assigned documents that the Loan | |
| 11 | violated TILA or was subject to | |
| 12 | rescission as the material disclosures | |
| 13 | appeared on the fact of the document. | |
| 14 | 21. Proceeds from the Loan | 21. Reardon Decl., ¶ 23, |
| 15 | were used to pay off existing liens on the | Exhibit "6". |
| 16 | Subject Property in the sum of | |
| 17 | approximately $336,736.00. | |
| 18 | 22. Proceeds from the Loan | 22. Reardon Decl., ¶ 24, |
| 19 | were used to pay county and local taxes | Exhibit "6". |
| 20 | owed by Plaintiff in addition to a | |
| 21 | number of other debts. | |
| 22 | 23. Plaintiff received | 23. Reardon Decl., ¶ 25, |
| 23 | approximately $7,924.00 in cash from | Exhibit "6". |
| 24 | the loan proceeds. | |
| 25 | 24. Subsequent to sending a | 24. Plaintiff Depo, Exhibit 8. |
| 26 | letter to Home Lending regarding his | |
| 27 | wish to cancel the Loan, Plaintiff sent a | |
| 28 | | |

7
STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

| | | |
|---|---|---|
| 1 | letter to Home Lending indicating that | |
| 2 | he wished to revoke the rescission notice | |
| 3 | and requested that the Loan be funded. | |
| 4 | 25.   Subsequent to the funding | 25.   Plaintiff Depo, 68:6-19. |
| 5 | of the Loan, Plaintiff also had | |
| 6 | conversations with BNC wherein BNC | |
| 7 | initially disputed Plaintiff's rescission | |
| 8 | claim. | |
| 9 | 26.   To date, Plaintiff has not | 26.   Reardon Decl, ¶ 26. |
| 10 | tendered the Loan proceeds. | |
| 11 | 27.   BNC brought a federal | 27.   RJN, Exhibit 10. |
| 12 | action to determine the obligations of | |
| 13 | BNC and Causey in connection with | |
| 14 | Plaintiff's alleged rescission of the Loan | |
| 15 | and obligation to tender under TILA | |
| 16 | ("First Action"). Specifically, BNC | |
| 17 | alleged: | |
| 18 | "15.   BNC is informed, believes, and | |
| 19 | based thereon alleges that, on or about | |
| 20 | May 18, 2006, Causey was given a | |
| 21 | ***Notice of Right to Cancel*** pursuant to | |
| 22 | §125 of the Federal Truth-in-Lending | |
| 23 | Act (15 USC §1635) and Regulation Z | |
| 24 | §226.23 (12 CFR §226.23) which | |
| 25 | advised him that he was permitted | |
| 26 | under the Federal Truth-in-Lending | |
| 27 | Act to rescind the Loan transaction | |
| 28 | | |

STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1 | until midnight of May 22, 2006.
2 |     14. BNC is informed, believes,
3 | and based thereon alleges that, on or
4 | about May 22, 2006, Causey exercised
5 | his right of rescission and served
6 | notice of his rescission pursuant to 15
7 | U.S.C. §1635(a) of the Federal Truth-
8 | in-Lending Act and Regulation Z
9 | §226.23 (12 CFR § 226.23) by
10 | forwarding the signed *Notice of Right*
11 | *to Cancel* to Home Loan through
12 | United States Post Office Priority Mail
13 | prior to midnight of May 22, 2006.
14 | BNC is further informed, believes, and
15 | based thereon alleges that Home Loan
16 | received the executed *Notice of Right*
17 | *to Cancel* on or about May 23, 2006.
18 | A true and correct copy of the
19 | executed *Notice of Right to Cancel* is
20 | attached hereto as Exhibit "C" and
21 | made a part hereof by this reference."
22 |
23 |     28. The action, *BNC Mortgage,*      28. RJN, Exhibits 10-11.
24 | *Inc. v. Willie J. Causey, Jr., et al.,* was
25 | initially filed on or about July 3, 2007
26 | with the United States District Court,
27 | Southern District of California, as Case
28 |

STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

Number # 07cv1213 BTM (LSP) and subsequently transferred to the United States District Court, Central District of California entitled *BNC Mortgage, Inc. v. Causey, et al.*, United States District Court Case No. CV07-5387-JFW (SSx) The Complaint was based on the same allegations asserted in the SAC ("First Action").

29. BNC requested a judicial declaration that BNC "and its servicer, Chase, are not required to reconvey the Deed of Trust until Chase has received the Rescission Balance, and (2) that BNC may enforce the Note and Deed of Trust if Causey does not pay the Rescission Balance by a date set by this Court. Without such a judicial determination, BNC has no expeditious or adequate remedy at law, and BNC is, therefore, entitled to judgment from this Court, declaring the rights, duties, and obligations of the parties hereto."

29. RJN, Exhibits 10, 16-17.

30. The BNC Action was adjudicated through a default judgment entered against Plaintiff.

30. RJN, Exhibits 15-18.

31. Subsequent to the service of

31. RJN, Exhibit 15.

| | | | |
|---|---|---|---|
| 1 | process on Plaintiff, default was entered | | |
| 2 | on October 30, 2007. | | |
| 3 | 32.   BNC set forth in its | 32. | RJN, Exhibit 16. |
| 4 | Declaration in support of Default | | |
| 5 | Judgment that: | | |
| 6 | "13.   Prior to filing this action, | | |
| 7 | and in accordance with TILA, | | |
| 8 | BNC communicated to Causey | | |
| 9 | that BNC would honor his request | | |
| 10 | for rescission and agreed to | | |
| 11 | reduce the amount owed on the | | |
| 12 | Loan  by all finance charges, | | |
| 13 | closing costs and the one payment | | |
| 14 | made by Causey to the sum of | | |
| 15 | $363,110.95 (the "Rescission | | |
| 16 | Balance"). | | |
| 17 | 14.   BNC has on several | | |
| 18 | occasions informed Causey that | | |
| 19 | BNC  would honor his request for | | |
| 20 | rescission of the Loan provided | | |
| 21 | that he tenders the Rescission | | |
| 22 | Balance to BNC. | | |
| 23 | 15.   To date, Causey has failed | | |
| 24 | and refused to pay the Rescission | | |
| 25 | Balance to BNC." | | |
| 26 | 33.   Default judgment was | 33. | RJN, Exhibit 17. |
| 27 | entered on December 28, 2007.  The | | |
| 28 | | | |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

11
STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

| | | |
|---|---|---|
| 1 | default judgment entered by the United | |
| 2 | States District Court, Central District | |
| 3 | specifically provided that: "BNC is not | |
| 4 | required to reconvey the Deed of Trust | |
| 5 | until BNC has received the Rescission | |
| 6 | Balance of $363,110.95 from Causey by | |
| 7 | January 15, 2008." | |
| 8 | 34.   Furthermore, the judgment | 34.   RJN, Exhibit 17. |
| 9 | provided that "[i]f Causey fails to tender | |
| 10 | the Rescission Balance to BNC by | |
| 11 | January 15, 2008, BNC may enforce the | |
| 12 | terms of the Note and Deed of Trust to | |
| 13 | collect the remaining amounts due on | |
| 14 | the Loan." | |
| 15 | 35.   Plaintiff and his current | 35.   RJN, Exhibit 18. |
| 16 | counsel sought to have the default | |
| 17 | judgment set aside based on the same | |
| 18 | allegations included in the SAC. | |
| 19 | 36.   Plaintiff effectively | 36.   RJN, Exhibit 18, |
| 20 | admitted that he had received notice of | Declaration of Plaintiff Willie J. Causey, |
| 21 | the First Action but experienced | Jr. in Support of Motion to Set Aside |
| 22 | difficulty located the "papers." | Default Judgment, ¶ 3:11-14. |
| 23 | 37.   The Court denied Plaintiff's | 37.   RJN, Exhibit 19. |
| 24 | request finding that "despite having | |
| 25 | notice that the litigation was moving | |
| 26 | forward and that he needed to respond to | |
| 27 | the Complaint, Defendant failed to | |
| 28 | | |

12
STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW
1127307.3

| | |
|---|---|
| respond to the Complaint, failed to request an extension of time to respond to the Complaint from either the Court or Plaintiff, or to otherwise notify the Court or Plaintiff that he intended to participate and defend himself in this action. | |
| 38.  Plaintiff further moved the Court to reconsider its denial to set aside the default judgment. | 38.  RJN, Exhibit 20. |
| 39.  Plaintiff's Motion for Reconsideration was also denied. | 39.  RJN, Exhibit 21. |

Based on the foregoing Uncontroverted Facts, the Court now makes its:

### CONCLUSIONS OF LAW

1.  The Declaratory Judgment entered by the United States District Court, Central District of California, in the matter of *BNC Mortgage, Inc. v. Willie J. Causey, Jr., et al.,* in the as Case Number CV07-5387-JFW(SSx) in favor of BNC Mortgage Inc. against Plaintiff Willie J. Causey ("Plaintiff") on December 28, 2007 collaterally estops Plaintiff from re-litigating the issue of rescission under the Truth in Lending Act ("TILA") in this instant action.

2.  The Court has the right to exercise its equitable power in conditioning rescission of the subject loan upon the return of the loan proceeds to US Bank under the TILA before rescission of the Loan is effective.

3.  Plaintiff is required to tender the Loan proceeds in the sum of $363,110.95 to effect rescission of the Loan under TILA.

4.  A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §

respond to the Complaint, failed to request an extension of time to respond to the Complaint from either the Court or Plaintiff, or to otherwise notify the Court or Plaintiff that he intended to participate and defend himself in this action.

| | |
|---|---|
| 38. Plaintiff further moved the Court to reconsider its denial to set aside the default judgment. | 38. RJN, Exhibit 20. |
| 39. Plaintiff's Motion for Reconsideration was also denied. | 39. RJN, Exhibit 21. |

Based on the foregoing Uncontroverted Facts, the Court now makes its:

### CONCLUSIONS OF LAW

1. The Declaratory Judgment entered by the United States District Court, Central District of California, in the matter of *BNC Mortgage, Inc. v. Willie J. Causey, Jr., et al.,* in the as Case Number CV07-5387-JFW(SSx) in favor of BNC Mortgage Inc. against Plaintiff Willie J. Causey ("Plaintiff") on December 28, 2007 collaterally estops Plaintiff from re-litigating the issue of rescission under the Truth in Lending Act ("TILA") in this instant action.

2. The Court has the right to exercise its equitable power in conditioning rescission of the subject loan upon the return of the loan proceeds to US Bank under the TILA before rescission of the Loan is effective.

3. Plaintiff is required to tender the Loan proceeds in the sum of $363,110.95 to effect rescission of the Loan under TILA.

4. A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §

1640(e), thus, with respect to Plaintiff's contention that US Bank is liable for the alleged deficient disclosure occurring at the time the loan closed is time barred.

5. Plaintiff's claim for the alleged failure to honor Plaintiff's alleged notice of rescission under TILA is also time barred.

6. Plaintiff cannot prevail on a claim for TILA violations against US Bank since Plaintiff cannot prove that any violation of TILA is apparent on the face of the disclosure statement.

7. No valid claim for relief "Violations of TILA" as requested in the second claim can be asserted against US Bank.

8. Plaintiff shall take nothing from Plaintiff.

9. Judgment shall be entered in US Bank's favor consistent herewith.

DATED: _____     By:_____
                           HON. JACQUELINE H. NGUYEN
                           UNITED STATES DISTRICT
                           COURT JUDGE

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Causey v. U.S. Bank National Association, et al.*
USDC Case No.: 08-cv-3460 JHN (CWx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On May 10, 2010, I served the foregoing document described as **STATEMENT OF UNCONTROVERTED FACTS AND [PROPOSED] CONCLUSIONS OF LAW** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 10, 2010, at Santa Ana, California.

Vicki Warren

PROOF OF SERVICE

1122163.1

## SERVICE LIST

*Willie J. Causey, Jr. v. Chase Home Finance, LLC*
USDC Case No. CV08-03460 JHN (CWx)

| | |
|---|---|
| Nathan Fransen, Esq.<br>Fransen & Molinaro, LLP<br>980 Montecito Dr., Suite 206<br>Corona, CA 92879 | (951) 520-9684-telephone<br>(951) 284-1089-facsimile<br>**Attorney for Plaintiff, Willie J. Causey, Jr.** |
| Matthew C. Tye, Esq.<br>24 Midsummer<br>Irvine, CA 92620 | (949) 290-9943-telephone<br>**Courtesy copy** |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1122163.1