Nathan Fransen, SBN 242867
FRANSEN AND MOLINARO, LLP
980 Montecito Dr., Ste. 206
Corona, CA 92879
Telephone: (951) 520-9684
Fax: (951) 284-1089
nfransen@fransenandmolinaro.com

Attorneys for Plaintiff
WILLIE J. CAUSEY, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE J. CAUSEY, JR., <br><br> Plaintiff <br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR LEHMAN BROTHERS-STRUCTURED ASSET INVESTMENT LOAN TRUST SAIL 2006-BNC3, AND DOES 1-10 <br><br> Defendants | Case No. CV08 – 03460 JHN (CWx) <br><br> **NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |

NOTICE IS HEREBY GIVEN that WILLIE J. CAUSEY, JR., in the above-named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the attached Order dated June 9, 2010, a true and correct copy of which is attached as Exhibit A, denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

Dated: June 25, 2010

By: _/s/ Nathan Fransen_
Nathan Fransen
Fransen and Molinaro, LLP
Attorneys for Plaintiff

NOTICE OF APPEAL TO THE UNITES STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
(Causey v. U.S. Bank)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fransen & Molinaro, LLP
980 Montecito Dr., Ste. 206
Corona, CA 92879
Tel. (951)520-9684

# EXHIBIT A

NOTICE OF APPEAL TO THE UNITES STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
(Causey v. U.S. Bank)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE J. CAUSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION, et. al., <br><br> Defendants. | 2:08-cv-03460-JHN-CWx <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

On June 7, 2010, the Court held a hearing on Plaintiff Willie Causey Jr.'s Motion for Summary Judgment (docket no. 40), and Defendant U.S. Bank National Association's Motion for Summary Judgment (docket no. 42). At the time of the hearing, both parties were in possession of this Court's tentative Order granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment. The Court has considered the moving, opposing, and reply documents submitted in connection with these motions, and oral arguments of counsel at the hearing. For the reasons set forth below, the Court hereby GRANTS Defendant's Motion and DENIES Plaintiff's Motion.

# I.

# FACTS AND LEGAL PROCEEDINGS

This action arises out of Plaintiff's efforts to exercise his right of rescission with respect to a mortgage he took out on his residence. Plaintiff and Defendant each filed a Statement of Genuine Issues in Opposition to Motion for Summary Judgment ("P SGI" and "D SGI") in which both parties agreed on the following factual background.

On or about May 17 or 18, 2006, Plaintiff obtained a mortgage loan in the sum of $397,800.00 ("Loan") on the property located at 7492 Whitewood Drive, Fontana, California ("Subject Property"). (P SGI ¶ 1.) In connection with the Loan, Plaintiff executed an Adjustable Rate Balloon Note ("Note") dated May 17, 2006 in favor of Home Loan Lending, Inc. ("Home Loan"). (P SGI ¶ 2.) Soon thereafter, Plaintiff decided to rescind and properly executed and served notice of his rescission by forwarding a signed Notice of Right to Cancel to Home Loan prior to Midnight of May 22, 2006. (D SGI ¶ 5.) Home Loan received the executed Notice of Right to Cancel from Plaintiff on or about May 23, 2006. (D SGI ¶ 6.) Home Loan still proceeded to fund the loan, which was secured by a deed of trust ("DOT") recorded on May 26, 2006 encumbering the Subject Property and identifying Home Loan as the lender beneficiary and T.D. Service Company as the trustee. (P SGI ¶ 3–4, D SGI ¶ 7.) Option One Mortgage Inc. was the initial servicer of the Loan. (P SGI ¶ 6.) On or around May 19, 2006, Home Loan transferred the note to BNC Mortgage, Inc. ("BNC"). (P SGI ¶ 5.)

On or around September 11, 2006, Chase acquired servicing rights to the Loan.[1] (P SGI ¶ 7.) Subsequently, an Assignment of Deed of Trust ("First

---

[1] The origination file received by Chase as US Bank's servicer included a Truth in Lending Disclosure Statement ("TILA") executed by Plaintiff. (P SGI ¶ 19.)

2

Assignment") was recorded on or about April 12, 2007. (P SGI ¶ 8.) Pursuant to the First Assignment, all beneficial interest in the DOT was assigned to BNC Mortgage, Inc. (*Id*.) The Loan is currently in default, and since Chase commenced servicing the Loan, Plaintiff has made no more than one payment. (P SGI ¶ 12.) A Notice of Default and Election to Sell Under Deed of Trust in connection with the DOT was recorded on or about November 17, 2006, with the sum in arrears of $13,812.02. (P SGI ¶ 13.) An Assignment of Deed of Trust ("Second Assignment") was recorded on or about April 12, 2007, in which BNC Mortgage, Inc. assigned beneficial interest in connection with the DOT to Mortgage Electronic Registration ("MERS"). (P SGI ¶ 10.)

Plaintiff filed this action on May 27, 2008, and on October 30, 2008, Plaintiff filed a Second Amended Complaint ("SAC"), naming U.S. Bank National Association ("U.S. Bank") and doe defendants as Defendants. (Docket nos. 1, 14.) With the SAC, Plaintiff asserts a claim for declaratory relief and a claim for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(e). Plaintiff's Declaratory Relief claim was dismissed on March 10, 2009. (Docket no. 25.) Plaintiff filed this Motion for Summary Judgment on May 7, 2010 and Defendant filed its Motion for Summary Judgment on May 10, 2010. (Docket no. 40, 42.) Opposition and Reply briefs have been filed.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party against whom relief is sought to move for summary judgment on all or part of the claim. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of showing that the motion is properly made and supported. Fed. R. Civ. P. 56(e)(2); *Celotex*

Case 2:08-cv-03460-JHN-CW   Document 68   Filed 06/25/10   Page 6 of 13   Page ID #:1248
Case 2:08-cv-03460-JHN -CW   Document 66   Filed 06/09/10   Page 4 of 10

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial."). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); *see also Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) ("Material facts are those which may affect the outcome of the case.") (internal citations omitted). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31; *see also Brookside Assocs. v. Rifkin*, 49 F.3d 490, 492–93 (9th Cir. 1995). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e)(1). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude the use of summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

### III.
### DISCUSSION

The substance of the competing motions for summary judgment boils down to whether this Court can require Plaintiff to make a tender of monies due under the Note as a condition to his rescission action. The parties dedicate a

Case 2:08-cv-03460-JHN -CW   Document 66   Filed 06/09/10   Page 5 of 10

1  substantial portion of their briefing to establish whether the default judgment in
2  *BNC v. Causey*, case no. 2:07-cv-05387-JFW-SSx, which ordered that BNC is
3  not required to reconvey the Deed of Trust until BNC has received the rescission
4  balance from Causey, is binding in the instant matter. This Court will not
5  premise this Order on a judgment that did not stem from consideration of the
6  merits of the case. However, for the reasons set forth below, the Court reaches
7  the same conclusion: that Plaintiff must tender in order to rescind. For this
8  reason, Plaintiff's Motion for Summary Judgment is denied and Defendant's
9  Motion for Summary Judgment is granted. The Court will first address
10 Plaintiff's claim for damages, which is time-barred.

11 **A. Damages**

12  To recover damages arising from alleged TILA violations, a plaintiff must
13 file an action to recover damages "within one year from the date of the
14 occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in
15 Section 1640(e) runs from the date of consummation of the transaction but that
16 the doctrine of equitable tolling may, in the appropriate circumstances, suspend
17 the limitations period until the borrower discovers or had reasonable opportunity
18 to discover the fraud or nondisclosures that form the basis of the TILA action."
19 *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). In this case, the loan
20 was obtained on May 18, 2006, and the date of Plaintiff's first attempted
21 rescission was on May 22, 2006. Plaintiff filed this action on May 27, 2008, well
22 beyond the one year statute of limitations, and puts forth no facts that would
23 prompt equitable tolling. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th
24 Cir. 2000) (establishing entitlement to tolling on the basis of a defendant's
25 alleged fraudulent concealment, a plaintiff must show "active conduct by a
26 defendant, above and beyond the wrongdoing upon which the plaintiff's claim is
27 filed, [that] prevent[ed] the plaintiff from suing in time"). Plaintiff's damages
28 claim is therefore time-barred.

**B. Rescission**

*Statutory Framework*

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Section 1635(b) controls the exchange of funds and property between a borrower and lender during the rescission process and "adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 (9th Cir. 2003). Section 226.23 of Regulation Z implements § 1635(b) as follows:

> (d) Effects of rescission.
> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor ....
> **(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.**

1 | 12 C.F.R. § 226.23 (emphasis added).

*Yamamoto v. Bank of New York*

Both parties agree that the polestar case governing the tender issue in this matter is *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003). In *Yamamoto*, Plaintiffs attempted to exercise their right to cancel their home loan against Bank of New York ("BNY") for failure to provide them with notice of right to cancel forms as required by TILA. *Id.* at 1169. The district judge required Plaintiffs to tender the proceeds as a condition precedent to the rescission action. *Id.* On appeal, plaintiffs argued that "the district court could not deny . . . rescission for failure to pay back loan proceeds without first determining whether TILA was violated, and without recognizing that TILA, and Federal Reserve Board Regulation Z implementing it . . . automatically voided BNY's security interest in her property once she exercised her right to rescind." *Id.*

The Ninth Circuit disagreed, observing that district courts are given leeway to

> . . . impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations. Our precedent is consistent with the statutory and regulatory regime of leaving courts free to exercise equitable discretion to modify rescission procedures. This also comports with congressional intent that "the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." S. Rep. No. 368, 96th Cong., 2d Sess. 29 (1980), *reprinted in* 1980 U.S.C.C.A.N. 236, 265.

*Id.* at 1173. The Court held:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower **cannot comply with the borrower's rescission obligations no matter what.** Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. **If, as**

> was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Id.* (emphasis added).

The United States Court of Appeals for the Fourth Circuit cited *Yamamoto* with approval in *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007), a case factually similar to the instant matter. In *American Mortgage,* the Plaintiffs, like Causey, "timely executed the cancellation documents indicating a desire to rescind the transaction." *Id.* at 818. The Plaintiffs then construed § 1635(b) as requiring the Defendant to release unconditionally the security interest on the Plaintiffs' residence within 20 days of notification of cancellation, regardless of the Plaintiffs' admitted inability to tender the balance due on the loan, or reasonable value thereof. *Id.* at 820. Citing *Yamamoto*, the Court "adopt[ed] the majority view of reviewing courts that unilateral notification of cancellation does not automatically void the loan contract." *Id.* at 821. The Court wrote that

> The equitable goal of rescission under TILA is to restore the parties to the "status quo ante." The [Plaintiffs] appear to misconstrue the procedural mechanics of § 1635. Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest.

*Id.* at 820–21 (citations omitted).

In addition, District Courts within the Ninth Circuit have stressed the importance of a borrower's ability to tender in pleading a rescission claim. "By far, the majority of Courts to address the issue recently have required that borrowers allege an *ability* to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 901 (C.D. Cal. 2009) (emphasis in original); *see, e.g., Woods v. Greenpoint Mortg. Funding, Inc.*, CIV. 2:09-1810 WSB KJM, 2010 WL 1729711, at *5 (E.D. Cal. Apr. 28, 2010) ("Taking all facts . . . in the

most favorable light to plaintiff, he has pled that he mailed a timely Notice of Cancellation to defendants ***and has offered to tender, but has not alleged any facts indicating that he has or is able to tender sufficient funds*** to repay the loan principal. To the contrary, the facts that the court does have indicate that plaintiff has thus far been unable to tender the amount of the loan or unwilling to return the property to the creditor.") (emphasis added); *Cook v. Wells Fargo Bank*, No 09cv2757 WQH (NLS), 2010 WL 1289892, at *5 (S.D. Cal. Mar. 26, 2010) ("The Court will require Plaintiffs to plead facts that would establish their ability to tender before it will reach the substance of their TILA claims.").

*Ability to Tender*

In the instant matter, the Court elects to make tender a necessary precondition to the rescission action. It is clear from the documentation submitted that Plaintiff does not, and has not, had the ability to tender the loan proceeds. In November 2006, Plaintiff faxed an offer to tender to Chase the "statutory required, balance of loan[.]" (Causey decl. Ex. 6.) Plaintiff proffers documentation purportedly showing that he applied with PFF Bank & Trust for a loan that would satisfy the statutorily required amount. This documentation, however, is merely an unsigned *estimate* of the financing. *See* Causey Decl., Ex. 5 at 3 ("The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan"). Plaintiff does not declare that he remitted monies to the bank or offered them any specific amount that would indicate his ability to tender.

Plaintiff, by his own admission, has not made payments on the Loan ***since 2006***, and has been living in the property, essentially for free, since that time. Plaintiff would have the Court sanction a scenario in which he receives a free home. Plaintiff's only response to this argument is that there is no factual dispute about whether he executed his rescission notice and sent it to the lender within three days. Plaintiff does nothing to reconcile the key holding of *Yamamoto*: that

9

the Court may *sua sponte* alter the temporal precedence of the tender requirement in order to fashion a more equitable form of redress for the borrower or lender. The Court acknowledges Plaintiff's concern that the bank's bureaucracy stood in the way of his initial attempt to rescind. But this does not overcome the basic fact that Plaintiff's *ability* to tender—which this Court deems necessary for the rescission effort to be valid—cannot be established by a consideration of the evidence read in a light most favorable to Plaintiff.

Because Plaintiff declares that he is now unable to tender, (*see* Plaintiff Opposition at 3) ("the decline in real estate values which had begun the preceding year had affected Plaintiff's home to the extent that Plaintiff could not obtain financing for [tender]"), his rescission action cannot go forward.

## IV.
## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

DATED: June 9, 2010.

Hon. Jacqueline Nguyen
UNITED STATES DISTRICT COURT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I, Bianca Arias, certify and declare as follows:

I am a employed in the County of Riverside, State of California. I am over the age of eighteen (18) years and not a party to the within entitled action. My business address is 980 Montecito Drive, Suite 206, Corona, California, 92879.

On **June 25, 2010**, I served the foregoing documents described as:

1. **NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
2. **REPRESENTATION STATEMENT**
3. **CIVIL APPEALS DOCKETING STATEMENT**

on the interested parties in this action by placing the original and/or a true copy thereof enclosed in a sealed envelope, addressed as follows:

> S. Christopher Yoo
> Adorno Yoss Alvarado & Smith
> A Profession Corporation
> 1 MacArthur Place, Suite 200
> Santa Ana, California 92707

I deposited such envelope with postage fully prepaid in the mail at 980 Montecito Drive, Suite 206, Corona, California.

I am readily familiar with the business' practice for collection and processing of correspondence and mailing with the United States Post Office; such correspondence would be deposited with United States Post Office the same day of deposit with postage thereon fully prepaid at Corona, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2010, at Corona, California.

*/s/ Bianca Arias*

Bianca Arias