UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-8-3460-MWF (CWx)                    Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendants:
Not Present                            Not Present

**Proceedings: ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [99]**

     This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed June 4, 2012. (Docket No. 99). The parties are familiar with the facts and lengthy procedural history of this case, which has been before three different judges in the Central District since its inception in 2008. On January 20, 2012, the Ninth Circuit mandated that this Court "order that the defendant release its lien on the plaintiff's home and determine the amount that the plaintiff must then tender to the defendant." (Docket No. 78). The mandate went on to provide plaintiff with the opportunity to present evidence that he attempted tender that was either ignored or rejected by defendants. (*Id.*).

     On February 13, 2012, the Court (the Honorable Jacqueline H. Nguyen) ordered that defendants release the lien as soon as practicable. (Docket No. 82). After considerable prodding from plaintiff and the Court, defendants recorded a release of the lien on June 21, 2012. (Docket No. 115). Plaintiff Willie J. Causey, Jr. ("Causey") now moves for summary judgment. Although they do not agree on the formulation of the issue, the parties do agree that the only thing left for the Court to decide is what, if anything, Causey must tender to defendants ("U.S. Bank") in light of the Ninth Circuit's mandate and the release of the lien. The Court held a hearing on the Motion for Summary Judgment on July 9, 2012 and heard the parties' arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                         Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

The Court holds that Causey is not required to tender any amount to U.S. Bank, and the Motion for Summary Judgment is GRANTED.

**I.     JUDICIAL NOTICE**

The Court initially grants both parties' requests for judicial notice. (Docket Nos. 99-6, 110). The Court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. Fed. R. Evid. 201(b). The parties request judicial notice of publically recorded documents related to the subject property and documents related to prior court proceedings in this and other matters. The Court has authority to take judicial notice of these materials, and both requests were unopposed. *See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust). Accordingly, the Court takes judicial notice of the documents submitted in support of, and in opposition to, this Motion for Summary Judgment.

**II.    DISCUSSION**

In deciding this motion under Rule 56(a), the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Material facts relevant to the determination of the questions before the Court are not disputed. On appeal, the Ninth Circuit explained: "It is undisputed that the plaintiff effectively invoked his absolute right to rescind the transaction within three business days of the loan closing. It is also undisputed that the lender ignored the plaintiff's rescission notice and proceeded to fund the loan." (Docket No. 78). It now falls to this Court to determine whether the absolute and automatic statutory rescission effected by Causey carries with it an attendant duty to subsequently offer tender to U.S. Bank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                    Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

### A. Requirement of Post-Rescission Tender

The Truth in Lending Act ("TILA") lays out a structured and chronologically ordered default sequence that the Ninth Circuit held applied to the uncontested rescission in this case. (*Id.*, "In an uncontested rescission as here, the default sequence under the Act requires the creditor to release its lien before the consumer must tender."). TILA, 15 U.S.C. §1635(b) requires:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. . . . If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

15 U.S.C. §1635(b) (emphasis added).

In light of the Ninth Circuit's mandate and the plain language of TILA, the Court is wholly unconvinced by U.S. Bank's argument that the statutory default sequence is inapplicable as a result of the equities in this case. Causey effected an automatic rescission, "triggering the default sequence under the regulations." (Docket No. 78).

Section 226.23 of Regulation Z implements TILA. It states:

(d) Effects of rescission.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)              Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> (3) If the creditor has delivered any money or property, **the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section**. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor . . . .

12 C.F.R. §226.23 (emphasis added).

Causey rescinded the transaction within the statutorily required 3 days, and the Ninth Circuit has characterized his rescission as uncontested. Consequently, U.S. Bank's security interest in the loan was automatically void at that time. But it is also undisputed that, within 20 days of rescission, U.S. Bank neither returned money to Causey nor took any action to terminate (or indeed halt the creation of) its security interest in the transaction. Causey's automatic and uncontested rescission went unacknowledged.

The default sequence provided by TILA was truncated here where the creditor did not timely terminate its security interest. Under the plain language of TILA and Regulation Z, Causey's duty to tender did not come into existence because U.S. Bank did not take the necessary predicate steps to create that duty within the required 20 days. *See, e.g., Sosa v. Fite*, 498 F.2d 114, 118 (5th Cir. 1974) ("[T]he creditors were unentitled to any tender at all by virtue of their failure to perform their express obligation of expurgating records of references to the invalidated security interest.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                    Date:  September 5, 2012
Title:       Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

As the parties acknowledge, this case involves the relatively uncommon occurrence of an automatic, as opposed to conditional, rescission. And as the parties also acknowledge, the Ninth Circuit specifically characterized the rescission as such. Although uncommon, other courts have encountered this situation and held that failure by a creditor to act within 20 days of an automatic rescission results in forfeiture of tender by the creditor. *See id.* at 119 ("Specifically, section 1635(b) envisions responsive action on the creditor's part to a rescission notice, after which the debtor then becomes obligated to tender either the property or a sum reflecting its reasonable value. This precise statutory scheme was aborted in this case due to the creditors' failure to comply with statutory requirements, hence [plaintiff's] responsibility to make the specific statutory tender was excused by the creditors' omissions."); *see also Stump v. WMC Mortg. Corp.*, 2005 WL 645238, at *10 (E.D. Pa. Mar. 16, 2005) (a "jury could find that Plaintiffs' loan was validly rescinded on July 27, 2001 and that Plaintiffs were statutorily entitled to retain the $8,809.67 loan proceeds.").

The reasoning in *Sosa*, although later criticized for its failure to recognize a court's ability to alter TILA's default sequence in a conditional rescission, is instructive here and remains persuasive when analyzing automatic rescissions. 498 F.2d at 119-20. The Fifth Circuit observed that the requirement to offer tender under TILA is dependent on the creditor's performance of its predicate duties – returning money paid by the borrower and terminating its security interest. In conditioning tender on the creditor's performance, TILA "flatly provides that if [a] creditor continues in his untoward ways, the debtor incurs no obligation to pay for property which he is at the same time entitled to keep." *Id.* at 119. *Sosa* also recognized that this seemingly harsh forfeiture is a product of the creditor's own malfeasance. *Id.* at 120 ("The creditors, of course, failed to carry out any of their statutory duties, and thus their lament of any inequity being visited upon them is utterly unpersuasive, for the power was completely theirs to prevent this parade of creditor horribles from ever occurring.").

This conclusion is entirely consistent with *Yamamoto*, on which U.S. Bank relied at the hearing, which sharply distinguishes between contested rescissions for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                     Date:  September 5, 2012
Title:      Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

which courts can conditionally order tender and uncontested rescissions that occur automatically. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003) ("If BNY had acquiesced in Tampon's notice of rescission, then the transaction would have been rescinded automatically, thereby causing the security interest to become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3).  But here, BNY contested the notice and produced evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements.").

      Forfeiture also appears to be contemplated by the statute.  Once Causey gave notice of rescission (and that rescission was not contested by U.S. Bank), the loan was automatically rescinded and, according to Regulation Z, the security interest became void.  U.S. Bank had no security interest at that time but impermissibly retained a lien on the property.  U.S. Bank thus was ordered ***unconditionally*** to release the lien.  Without forfeiture of Causey's tender, there would be no additional penalty for U.S. Bank's failure to fulfill its statutory obligations within 20 days of the rescission since U.S. Bank was already rendered an unsecured creditor prior to its noncompliance with TILA.  The additional penalty of forfeiture is consistent with the statute's remedial-penal purpose.  *See, e.g., Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974) (concluding that courts should generally consider "the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act.").

      On the other hand, courts appear to be divided on the question of whether a borrower is required to at least offer tender in order to hold that a creditor has forfeited its right to the subject loan proceeds under section 1635(b).  *See Mayfield v. Vanguard Savings & Loan Ass'n*, 710 F. Supp. 143, 147-48 (E.D. Pa. 1989) (summarizing divergent case law).  But the Court need not reach this unsettled legal question, as Causey's 2006 fax transmission constituted an offer of tender that was not acted on within 20 days as required by TILA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                    Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

### B. 2006 Offer of Tender

Although Causey was under no duty at the time to do so, the Court finds that Causey offered tender in 2006, and that his offer was rejected by U.S. Bank's inaction and subsequent initiation of foreclosure.

The original mortgage loan on the property was for a sum of $397,800.00. (Docket No. 66 at 2).  It is undisputed that Causey applied for and secured financing in the amount of $360,000 through PFF Bank & Trust in order to offer tender in November 2006.  (Statement of Genuine Issues of Fact in Support of U.S. Bank's Opposition ("SGD"), Docket No. 112, ¶ 13 (Fact: "In or about November of 2006, Plaintiff *applied for and secured financing* in the amount of $360,000 through PFF Bank & Trust in order to repay or 'tender' the amount owed on the subject loan pursuant to 15 U.S.C. §1635(b)."; U.S. Bank Response: "Disputed to the extent that Plaintiff did not tender the sums owed on the subject loan.") (emphasis added); *see also* Woodward Decl. at ¶¶ 5-6).

It is also undisputed that on November 15, 2006, Causey faxed 17 pages of documents to Chase Bank containing information on financing for a tender offer, with a fax cover sheet that read: "notice of cancellation, *offer to pay statutory required balance of loan*, and copy of disclosures, closing documents and arguments." (SGD ¶ 14, emphasis added).  It is similarly not disputed that Causey had an additional $47,500 in funds at his disposal, for a total of $407,500.  (SGD ¶¶ 16-18).

U.S Bank essentially argues that Causey did not offer tender because he did not present the Bank with United States currency in the amount of the loan proceeds. (Opp'n at 6-7).  But this argument is unavailing.  Whether California commercial law or federal law applies, an offer of tender in this context means communication of the borrower's willingness and ability to obtain and remit the amount of the loan proceeds.  California law suggests that an offer of tender in a common law commercial context is effective if the offeror is willing and able to make tender – an offeror need not have cash on hand at the time to effectively make an offer of tender. *See, e.g., In re Worcester*, 811 F.3d 1224, 1231 (9th Cir. 1987) (so construing *Backus*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No. CV-8-3460-MWF (CWx) | Date: September 5, 2012 |
| Title: Willie J. Causey Jr. v. BNC Mortgage, Inc. et al | |

*v. Sessions*, 17 Cal. 2d 380, 110 P.2d 51 (1941)). Courts interpreting pleading requirements under TILA in the contested rescission context also reach this conclusion. *See, e.g., Moore v. Wells Fargo Bank, N.A.,* 597 F. Supp. 2d 612, 616 (E.D. Va. 2009) ("the Complaint sufficiently alleges that Plaintiff can and will tender the loan proceeds either by: (1) refinancing her home; or (2) selling her home and using 'the net proceeds from such sale . . . to make such tender.'"); *Parham v. HSBC Mortg. Corp.*, 826 F. Supp. 2d 906, 912 (E.D. Va. 2011) (same).

Because Causey avers an ability to have borrowed at the time of the fax, and the facts supporting this averment are undisputed, Causey effectively offered tender on November 15, 2006. (SGD ¶¶ 13). That Causey did not present the loan proceeds in cash does not undermine his offer of tender because he has presented undisputed evidence that he had the ability to secure some form of financing to tender back the loan proceeds at the time the offer was made.

U.S. Bank's final argument that the funding was withdrawn on April 20, 2007 does not undermine the undisputed fact that, at the time of the fax, Causey had secured financing to support his offer of tender. (SGD ¶¶ 13, 26-27). Accordingly, U.S. Bank does not present a genuine issue of material fact as to whether Causey was willing and able to make good on his offer of tender in November 2006 and summary judgment as to this issue is appropriate.

Two actions by U.S. Bank following Causey's offer are similarly undisputed. First, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the subject loan on November 17, 2006. (SGD ¶ 10). Second, on March 20, 2007, four months after Causey's fax, U.S. Bank sent Causey a letter purporting to honor his rescission request. (SGD ¶ 21).

TILA provides: "If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it." 15 U.S.C. §1635(b). Cases interpreting automatic rescissions under TILA accept the proposition that offers of tender, as opposed to presentations of actual tender, are sufficient. *See, e.g., Mayfield*, 710 F. Supp. at 147 ("the majority of prior cases the courts have either explicitly held that an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.  CV-8-3460-MWF (CWx) | Date:  September 5, 2012 |
| Title:    Willie J. Causey Jr. v. BNC Mortgage, Inc. et al | |

obligor must tender *or offer to tender* the proceeds of the consumer transaction before finding a forfeiture . . . .") (emphasis added).  Contrary to U.S. Bank's argument at the hearing, a borrower does not have to force cash into the hands of his creditor in order to qualify for TILA's protections.

U.S. Bank did not act on Causey's offer of tender, but proceeded to initiate foreclosure on the loan two days later.  When it did act on the offer, it did so four months belatedly.  Both the foreclosure initiation and the delayed acceptance undermine U.S. Bank's current argument that Causey must now offer tender.  TILA clearly requires a creditor to respond to a legitimate offer of tender within 20 days.  Failure to do so results in the property vesting to the debtor without further obligation.  That is the case here.  U.S. Bank continued to charge Causey interest and prepayment penalty, fees that are inapplicable if the rescission was effective and tender was accepted, as late as January 23, 2007.  (SGD ¶ 20).  Causey's offer of tender also puts this case squarely within the *Sosa* holding, where rescission was effective and tender was offered.  *See also Arnold v. W.D.L. Investments, Inc.*, 703 F.2d 848, 853 (5th Cir. 1983) (concluding that a creditor was not entitled to recover the loan proceeds after having previously rejected a borrower's offer of tender).

Accordingly, the Court finds that because U.S. Bank failed to execute its statutory duties under TILA within the requisite 20 days of rescission and within 20 days of Causey's offer of tender, U.S. Bank forfeited its right to now seek tender from Causey as a matter of law.  The Court must therefore grant summary judgment in Causey's favor.

### C. U.S. Bank's Potential Counterclaims

Causey's Motion raises the argument that U.S. Bank could only potentially recover the loan proceeds as an unsecured creditor by filing counterclaims and it has not done so.  Causey argues that any such counterclaims would be barred by applicable statutes of limitations.  U.S. Bank disagrees.  The Court ordered supplemental briefing on this question to elucidate the nature of proposed counterclaims and their applicability.  (Docket No. 131).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                    Date:  September 5, 2012
Title:        Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

U.S. Bank argues it can pursue counterclaims for: (1) an equitable lien; (2) an equitable mortgage; (3) declaratory relief pursuant to 15 U.S.C. §1653 (TILA); (4) tender pursuant to California Civil Code §1502; (5) unjust enrichment; (6) tender pursuant to 15 U.S.C. §1653 (TILA); (7) injunctive relief.  (Docket No. 132).

U.S. Bank's two proposed claims for relief under TILA are rendered futile by the Court's TILA analysis above.  U.S. Bank is neither entitled to a declaration that it is owed tender, nor is it entitled to such tender under section 1652.  These proposed counterclaims are merely recitations of U.S. Bank's arguments against Causey's Motion for Summary Judgment.  Additionally, the operation of TILA prevents U.S. Bank from asserting these claims for relief beyond the timeframes laid out in the statute.

But U.S. Bank's other proposed counterclaims do not appear to be time-barred.  U.S. Bank argues that its proposed counterclaims relate back to the filing of this litigation by Causey in 2008, tolling the applicable statutes of limitations.  "It has consistently been held that the commencement of an action tolls the statute of limitations as to a defendant's then unbarred cause of action against the plaintiff, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought."  *Trindade v. Superior Court*, 29 Cal. App. 3d 857, 860, 106 Cal. Rptr. 48 (1973) (quotations and citation omitted).  It is likely beyond dispute that these claims for relief relate to Causey's underlying suit, as they are connected to the funding and rescission of the loan.

The underlying action was filed by Causey in May 2008.  (Docket No. 1).  The events giving rise to any purported claim for relief occurred in 2006.  Causey alleges that U.S. Bank's proposed counterclaims for unjust enrichment and tender under California Civil Code §1502 have three-year statutes of limitations.  These counterclaims were not time-barred in May 2008, and are therefore not time-barred now.  The remedial claims for an equitable lien, an equitable mortgage, and an injunction, if sought in connection with these claims, are similarly not time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                     Date:  September 5, 2012
Title:     Willie J. Causey Jr. v. BNC Mortgage, Inc. et al

    Accordingly, the Court GRANTS U.S. Bank leave to file its non-TILA counterclaims within 14 days of this Order.  Failure to do so will result in dismissal of this action with prejudice.

    IT IS SO ORDERED.

    ___ : N/A
Initials of Preparer     RS

---