UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No.   CV-8-3460-MWF (CWx)                                    Date:  October 17, 2012
Title:       Willie J. Causey, Jr. v. U.S. Bank National Association

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
Not Present                                         Not Present

**Proceedings (In Chambers):   ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES [135]**

This matter is before the Court on Plaintiff Willie J. Causey's ("Causey") Motion for Attorneys' Fees ("Motion").  (Docket No. 135).  The Court finds the matter appropriate for submission on the papers without oral argument.  *See* Fed. R. Civ. P. 78(b) and Local Rule 7-15 (the Court may dispense with oral argument on any matter unless otherwise required).  The matter is therefore removed from the Court's October 22, 2012, calendar.  For the reasons that follow, the Court GRANTS the Motion.

Causey moves for an award of attorneys' fees pursuant to the Truth in Lending Act ("TILA"), 28 U.S.C. §1640(a)(3) and Local Rule 54-12.  Section 1640(a)(3) of TILA provides that a creditor is liable for costs and reasonable attorneys' fees "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title".

On September 5, 2012, the Court granted Causey's Motion for Summary Judgment, finding that Defendant U.S. Bank "failed to execute its statutory duties under TILA within the requisite 20 days of rescission and within 20 days of Causey's offer to tender." (Docket No. 133).  U.S. Bank does not contest that Causey is entitled to an award of costs and attorneys' fees under section 1640(a)(3).  Rather, U.S. Bank challenges the rate attributed to a single attorney and the propriety of awarding fees associated with certain specified tasks.  Because the Court agrees that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                         Date:  October 17, 2012

Title:        Willie J. Causey, Jr. v. U.S. Bank National Association

there can be no dispute that Causey is entitled to costs and attorneys' fees pursuant to TILA, it will address only the reasonableness of Causey's specific requests.  The Court addresses each objection U.S. Bank raises in turn.

## I.       MR. TYE'S HOURLY RATE

U.S. Bank argues that the hourly rate of $350 for Mr. Tye's services is unreasonable.  (Opp'n at 2).  It contends that the rate is unreasonable because: (1) at the time of Mr. Tye's work, he had only been a member of the California Bar for three and one half years; (2) Mr. Tye was not a partner at the law firm; and (3) Causey presents no evidence that Mr. Tye was particularly expert in handling TILA matters.  The Fransen Declaration attaches evidence showing this to be a reasonable rate for an attorney with Mr. Tye's level of experience and expertise in mortgage-related litigation.  (Ex. D to Fransen Decl., Docket No. 135-1; Fransen Decl. ¶ 5). Although $350 is arguably supported, the Court (based on its own experience at a small law firm) believes that $300 would be a more appropriate hourly rate for the recovery of fees in this case.

## II.      FEES INCURRED FOR THE MOTION FOR CONTEMPT

U.S. Bank contests the inclusion of hourly fees for counsel's work on the Application for an Order to Show Cause Regarding Contempt, arguing that the fees are improper because the Application was denied.  (Opp'n at 4).  The Court concludes that the Application and the Court's subsequent attention were necessary to the ultimate vindication of Causey's TILA rights and effectuation of the Ninth Circuit's mandate.  To say the Application was "denied", while procedurally accurate, ignores the fact that U.S. Bank failed to act on the Ninth Circuit and the Honorable Judge Nguyen's orders that it release the lien on Causey's home.  The Court finds that the work associated with preparing and prosecuting the Application was a necessary step toward enforcing Causey's rights under TILA.  And the fact that the Application itself was "unsuccessful" does not undermine the Court's conclusion that it was necessary to Causey's success in prosecuting his TILA claim.  *See also Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV-8-3460-MWF (CWx) | Date:  October 17, 2012 |
| Title:        Willie J. Causey, Jr. v. U.S. Bank National Association | |

victory is entitled to attorney's fees even for the unsuccessful stage."). Accordingly, these fees are appropriately granted under section 1640(a)(3).

## III.    FEES INCURRED PRIOR TO INITIATION OF THIS LAWSUIT

U.S. Bank also contests the inclusion of hourly fees for counsel's work after entry of a default judgment in *BNC Mortgage, Inc. v. Causey, et al.*, United States District Court Case No. CV07-5387, and before initiation of this lawsuit, arguing that the work was related to a different action in which Causey was not the prevailing party. The fees sought include charges for attempting to set aside the default judgment, settle with BNC, and research the merits of Causey's claims. The Court agrees with U.S. Bank to the extent that counsel's efforts to set aside the default judgment were not necessary to the ultimate vindication of his rights under TILA, but rather were an attempt to undo an error caused by the client. The Court will therefore exclude fees connected to counsel's attempts to set aside the default judgment. (Ex. A to Fransen Decl. at 1). But counsel's other efforts to research Causey's claims and reach a settlement were reasonable and were directed at resolving Causey's successful TILA claim on its merits. As such, these efforts were necessary to the ultimate vindication of Causey's rights under TILA.

## IV.    AWARD OF FEES

Accordingly, the Court determines that Causey's request for attorneys' is reasonable and appropriate under the law. The Court awards Causey $113,295.00.

IT IS SO ORDERED.

___: N/A

Initials of Preparer        RS