CC: FISCAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-8-3460-MWF (CWx)                    Date:  December 11, 2012
Title:     Willie J. Causey, Jr. v. U.S. Bank National Association

Present: The Honorable MICHAEL W. FITZGERALD

| Rita Sanchez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
Not Present                          Not Present

**Proceedings (In Chambers):  ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS [141] AND GRANTING PLAINTIFF'S MOTION TO EXPUNGE LIS PENDENS [143]**

This matter is before the Court on Plaintiff Willie J. Causey's ("Causey") Motion to Dismiss Defendant's Counter-Complaint for Failure to State a Claim Upon Which Relief Can be Granted (FRCP 12(b)(6)) ("Motion to Dismiss") (Docket No. 141) and Motion to Expunge Lis Pendens and Request for Attorney's Fees for Said Motion ("Motion to Expunge").  (Docket No. 143).  The Court has carefully considered the Counterclaims and the parties' submissions and arguments at the November 19, 2012 hearing, and GRANTS the Motion to Dismiss and the Motion to Expunge for the reasons set forth below.

I.     MOTION TO DISMISS

The Court granted Defendant U.S. Bank leave to file counterclaims in its September 5, 2012 Order Granting Plaintiff's Motion for Summary Judgment.  (Docket No. 133).  In that Order, the Court addressed the parties' arguments as to statutes of limitations and ruled that certain of the proposed counterclaims did not appear time-barred to the extent they substantively related to filing of this action.  (*Id.* at 10).  U.S. Bank filed its Counter-Complaint of U.S. Bank National Association, Trustee for Lehman Brothers-Structured Asset Investment Loan Trist Sail 2006 BNC3 ("Counterclaims") on September 20, 2012.  (Docket No. 137).  The Counterclaims include claims for an equitable lien, an equitable mortgage, tender

CC: FISCAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                          Date:  December 11, 2012
Title:     Willie J. Causey, Jr. v. U.S. Bank National Association

pursuant to California Civil Code section 1502, unjust enrichment, and injunctive relief.  Causey timely moved to dismiss the Counterclaims.  (Docket No. 135).

Causey raises a number of arguments that go to the procedural and legal sufficiency of the Counterclaims.  He argues that the Counterclaims are procedurally barred despite and partially because of the September 5, 2012 Order granting summary judgment in his favor.  Substantively, Causey argues that the Counterclaims fail because they are preempted by the Truth in Lending Act ("TILA") or are remedies rather than actionable claims for relief.  The Court agrees with Causey's assessment of the legal sufficiency of U.S. Bank's Counterclaims, and therefore need not reach his alternative procedural arguments.

As an initial matter, it is imperative to note that the September 5, 2012 Order did not "determine[] that U.S. Bank had proper claims for equitable relief, equitable mortgage, unjust enrichment, tender pursuant to California Civil Code § 1502, and injunctive relief."  (Opp'n at 2).  Rather, it only concluded that those Counterclaims were not facially time-barred based on the parties' submissions and representations.  Causey's Motion is therefore not mooted by the Order.  The Court also *sua sponte* takes judicial notice of the Ninth Circuit's Mandate in this action and grants Causey's request for judicial notice.  (Docket Nos. 78,141-1)

"TILA's savings clause provides that TILA does not preempt state law unless the state law is inconsistent with TILA."  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (citing 15 U.S.C. § 1610(b)); *see also Fidelity Federal Sav. and Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982) (preemption implied where state law and federal law or regulations actually conflict); *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002) (same).  U.S. Bank's claim for tender pursuant to California Civil Code section 1502 must fail as a matter of law because, if applied as U.S. Bank urges, it calls for conduct that directly conflicts with TILA's statutory requirements, making compliance with both TILA and section 1502 impossible.

Although this section of the California Civil Code appears to be rarely utilized, U.S. Bank claims that it entitles the Bank to Causey's "offer of money", which it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  CV-8-3460-MWF (CWx)                          Date:  December 11, 2012
Title:       Willie J. Causey, Jr. v. U.S. Bank National Association

contends "is the property of Counter-Complainant at the time of its offering pursuant to Civil Code §1502".  (Docket No. 137 at 10).  Assuming that section 1502 applies as suggested by U.S. Bank, the consequence of enforcing it vitiates the precise chronological sequence laid out in TILA.  As explained in the September 5, 2012 Order, TILA specifically provides that "[i]f the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."  15 U.S.C. §1635(b). And the Ninth Circuit specifically mandated that the default sequence provided by TILA was triggered by Causey's automatic and uncontested rescission.  (Docket No. 78).

U.S. Bank's claim is premised on the argument that section 1502 provides for automatic transfer of property upon offer of tender to the creditor.  If section 1502 so provided, TILA's statutory prescription would be meaningless as the property would have automatically transferred to the creditor at the offer of tender.  There is no allegation in the Counterclaims that U.S. Bank took possession of Causey's tender within 20 days of its offer, so compliance with both section 1502 and TILA is impossible since the application of both would result in complete vesting of the property in two different parties.  Accordingly, U.S. Bank's section 1502 claim is preempted by TILA and must be dismissed as a matter of law.

Although there is no independent cause of action under California law for unjust enrichment, the Court can infer that U.S. Bank actually seeks restitution. *Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310, 1314-15, 265 Cal.Rptr. 525 (1989) ("[t]he phrase 'unjust enrichment' is used in law to characterize the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor."); *see also Newsom v. Countrywide Home Loans, Inc.*, 714 F.Supp.2d 1000, 1009-10 (N.D. Cal. 2010) ("there is no independent cause of action under California law for unjust enrichment.") (citation and quotation omitted).  But, as with U.S. Bank's section 1502 claim, its claim for restitution of the loan proceeds fails because restitution of those proceeds is in direct conflict with TILA's provision that title vested in Causey "without obligation on his part to pay for it".  15 U.S.C. §1635(b). This claim is therefore also preempted and must be dismissed.  To the extent that

CC: FISCAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-8-3460-MWF (CWx)                                    Date:  December 11, 2012
Title:        Willie J. Causey, Jr. v. U.S. Bank National Association

U.S. Bank seeks to recover taxes and insurance payments made on the property (and that recovery is not barred by applicable statutes of limitations), it should specifically plead that form of recovery.

Furthermore, the Counterclaims do not contain a sufficient factual or legal basis to plead the existence of an equitable mortgage.  An equitable mortgage is a remedy imposed when a security instrument evinces an intent to qualify as a mortgage but is not executed with the requisite formalities; in other words, the parties intend that a mortgage is created, there is an attempt to execute it, and sufficient consideration exists.  *See Bergman v. Tobin*, 2012 WL 5471796, at *7 (E.D. Cal. Nov. 9, 2012) (citing *Lovelady v. Bryson Escrow, Inc.*, 27 Cal.App.4th 25, 32 Cal.Rptr.2d 371 (1994)).  The Counterclaims do not allege a failure to comply with formalities.  The only factual allegation that might support this claim is the dubious contention that a post-rescission letter from Causey purportedly cancelled the rescission and reinstated the mortgage for $5,000 paid to him three months later.  Setting aside the fact that the Ninth Circuit did not consider the purported cancellation to have any legal effect on Causey's automatic and unconditional rescission in this action, an effective TILA rescission cannot be cancelled and the rescinded mortgage cannot be ratified ***as a matter of law***.  *See Stump v. WMC Mortg. Corp.*, 2005 WL 645238, at *10 (March 16, 2005) ("In this action, Plaintiffs have a statutory right of rescission under TILA which, if exercised, voids the contract and makes later ratification legally impossible").  Accordingly, U.S. Bank fails to plead a claim for equitable mortgage and the claim must be dismissed.

In light of the Court's dismissal of U.S. Bank's section 1502, unjust enrichment, and equitable mortgage claims, the remaining claims for relief fail because each is a remedial request, rather than an independent claim, that must be predicated on the existence of a claim for a debt or an underlying legal wrong.  *See In re Marino*, 813 F.2d 1562, 1567 (9th Cir. 1987) ("An equitable lien is a remedy for unjust enrichment."); *Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action.").  Since no independent claims remain, U.S. Bank's remedial claims for an equitable lien and an injunction fail.  These claims must also be dismissed.

CC: FISCAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.  CV-8-3460-MWF (CWx) | Date:  December 11, 2012 |
| Title:  Willie J. Causey, Jr. v. U.S. Bank National Association | |

Accordingly, the Motion to Dismiss is GRANTED. U.S. Bank may file amended counterclaims consistent with this order, if any exist, on or before December 21, 2012. Failure to do so may result in dismissal of this action.

**II.    MOTION TO EXPUNGE**

Causey's Motion to Expunge must be granted in light of the Court's decision on the Motion to Dismiss because no claims remain to support its existence. Were the Court to decide the Motion to Dismiss differently, the Motion to Expunge must still be granted because the pleadings do not contain a real property claim sufficient to support the recording of a lien. Cal. Code Civ. Proc. § 405.31; *see also Campbell v. Superior Court*, 132 Cal. App. 4th 904, 912, 34 Cal. Rptr. 68 (2005) ("[t]he majority of [California] courts have concluded that a claim that seeks an interest in real property merely for the purpose of securing a money damage judgment does not support the recording of a lis pendens."). The recording of the lien also directly contravenes the Ninth Circuit and this Court's mandate that U.S. Bank release its former lien on Causey's property and proceed as an unsecured creditor through counterclaims, if such counterclaims were appropriate. Accordingly, the Motion to Expunge is GRANTED.

Because the recording of the lien was substantially unjustified and counsel for U.S. Bank did not contest counsel's billed charges at the hearing, the Court finds that Causey is entitled to reasonable attorney's fees in the amount of $2,100.00.

IT IS SO ORDERED.

___: N/A
Initials of Preparer    RS